UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROGER BROWN,

    Plaintiff,

v.                                           CASE NO: 8:08-cv-1115-T-23TGW

PRESS REPAIR ENGINEERING
SALES & SERVICE, INC., et al.,

    Defendants.
_____/

## **ORDER**

On May 12, 2008, the pro se plaintiff commenced this action in the Circuit Court for the Sixth Judicial Circuit, Pinellas County. On June 9, 2008, the defendants removed and alleged diversity jurisdiction under 28 U.S.C. § 1332(a). The plaintiff next filed a "Motion to Dismiss or in the Least Motion for Summary Remand" (Doc. 22). After first contending unintelligibly that this action "should be dismissed as defective and non-responsive" because "[t]he case . . . has nothing to do with Plaintiff," the plaintiff requests remand because (a) removal was untimely and (b) the contracts allegedly breached by the defendants contain a mandatory forum selection clause providing for "exclusive jurisdiction . . . in the Judicial District of Pinellas County, Florida . . . ." On August 11, 2008, the plaintiff filed a "2d Summary Motion for Remand" (Doc. 22) asserting the same arguments, and the defendants responded (Doc. 23) in opposition to both motions.

The plaintiff first contends that removal was untimely because the defendants "were on notice of 'other papers' when Plaintiff contacted Defendants' attorney in writing . . . on April 11, 2008 via email wherein Plaintiff asked said attorney to accept service of process on a Pinellas lawsuit against his clients." However, the thirty-day removal period under 28 U.S.C. § 1446(b) begins to run from the time a defendant receives notice of a removable claim by way of formal service "but not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348 (1999) (holding that service of process is a prerequisite for the running of the thirty-day period under 28 U.S.C. § 1446(b)).

A district court may "remand a removed case when appropriate to enforce a forum selection clause." Snapper, Inc. v. Redan, 171 F.3d 1249, 1263 n.26 (11th Cir. 1999). "[F]orum selection clauses should be enforced unless it is clearly shown that enforcement would be unreasonable or unjust, or that the clause is invalid for such reasons as fraud or overreaching." Citro Florida, Inc. v. Citrovale, S.A., 760 F.2d 1231, 1231-32 (11th Cir. 1985). In the context of removal based solely on diversity jurisdiction, ordinary contract principles determine whether a forum selection clause constitutes a waiver of the right to remove. Global Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1271 (11th Cir. 2004) (citing Snapper, 171 F.3d at 1261). "However, when ordinary contract principles fail to elucidate a single reasonable interpretation for an ambiguous provision, and instead the provision is subject to opposing, yet reasonable interpretation, an interpretation is preferred which operates

more strongly against the party from whom the words proceeded." Global Satellite, 378 F.3d at 1271 (citations and internal quotation marks omitted).

Forum selection clauses are classified as either permissive or mandatory. Global Satellite, 378 F.3d at 1272. "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, 'dictates an exclusive forum for litigation under the contract.'" Global Satellite, 378 F.3d at 1272 (quoting Snapper, 171 F.3d at 1262 n.24 ). A purportedly mandatory forum selection clause remains unenforceable absent an unambiguous designation of the forum the parties select. See Global Satellite, 378 F.3d at 1273-74 (finding provision by which parties "submit to the jurisdiction of Broward County, Florida" ambiguous in part because "even if we were to assume it refers to jurisdiction exercised by a forum, because it names only a geographical unit, host to several forums, we can only guess which of these it intended to designate"); Stateline Power Corp. v. Kremer, 148 Fed. Appx. 770, 771 (11th Cir. 2005) (finding provision by which parties "consent to the jurisdiction of the courts of the State of Florida" ambiguous as "potentially including not only state courts but federal courts as well"); Citrovale, 760 F.2d at 1231-32 (finding provision stating that "place of jurisdiction is Sao Paulo/Brazil" "ambiguous concerning the exclusive nature of the provision.").

The pertinent contracts provide, "It is agreed that exclusive jurisdiction shall vest in the Judicial District of Pinellas County, Florida, Florida law applying in all respects." See Doc. 2-2 at 5, 11, 17,  The phrase "the Judicial District of Pinellas County, Florida" is arguably ambiguous in one respect. Although Florida's Sixth Judicial Circuit includes

Pinellas County (as well as Pasco County)[1] and Florida's judicial circuits are occasionally referred to as "districts,"[2] and although Florida's second appellate district includes Pinellas County (as well as Pasco, Hardee, Highlands, Polk, DeSoto, Manatee, Sarasota, Hillsborough, Charlotte, Glades, Collier, Hendry, and Lee Counties),[3] Pinellas County does not constitute a judicial district–at least not for a trial court with power to determine a civil action of this magnitude[4]–under Florida law.  However, the provision for exclusive jurisdiction "in the Judicial District of Pinellas County" plainly requires venue in Pinellas County and nowhere else.  The Florida Sixth Judicial Circuit Court sits in Pinellas County.  However, although the Middle District of Florida includes Pinellas county[5] and the Middle District is authorized to hold court in St. Peterburg (which is in Pinellas County),[6] no federal court sits in Pinellas County.[7]  Generally, "when a forum

---

[1] See Fla. Stat. § 26.021(6) ("The sixth circuit is composed of Pasco and Pinellas Counties.").

[2] See Global Satellite Communication Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1272 (11th Cir. 2004).

[3] See Fla. Stat. § 35.03 .("The Second Appellate District is composed of the Sixth, Tenth, Twelfth, Thirteenth, and Twentieth Judicial Circuits.").

[4] See Fla. Stat. § 34.01(1)(c) (providing for county court jurisdiction over "all actions at law in which the matter in controversy does not exceed the sum of $15,000, exclusive of interest, costs, and attorney's fees, except those within the exclusive jurisdiction of the circuit courts").  The complaint (Doc. 1 at 8) requests damages "in the amount of $356,439.35" plus interest as well as punitive damages, attorneys' fees, and costs.

[5] See 28 U.S.C. § 89(b) ("The Middle District comprises the counties of Baker, Bradford, Brevard, Charlotte, Citrus, Clay, Collier, Columbia, De Soto, Duval, Flagler, Glades, Hamilton, Hardee, Hendry, Hernando, Hillsborough, Lake, Lee, Manatee, Marion, Nassau, Orange, Osceola, Pasco, <u>Pinellas</u>, Polk, Putnam, St. Johns, Sarasota, Seminole, Sumter, Suwannee, Union, and Volusia.") (emphasis added),

[6] See 28 U.S.C. § 89(b) ("Court for the Middle District shall be held at Fernandina, Fort Myers, Jacksonville, Live Oak, Ocala, Orlando, Saint Petersburg, and Tampa.").

[7] See Local Rule 1.02(b)(4) ("The Tampa Division shall consist of the following counties: Hardee,
(continued...)

selection clause sets exclusive venue in a county in which no federal court is located, the clause cannot reasonably be interpreted to include a federal district court located in another county even though the designated county is within the district or division served by the federal court." Paolino v. Argyll Equities, L.L.C., No. SA-05-CA-0342, 2005 WL 2147931, *5 (W.D. Tex. Aug. 31, 2005) (collecting cases); see also Travelers Prop. Cas. Co. of America v. OneSource Facility Servs., Inc., 3:05-cv-618WKW, 2006 WL 752925, *3 (M.D. Ala. Mar. 23, 2006).[8]

Similarly, the provision here is not ambiguous for failure to (correctly) designate a particular forum in Pinellas County because only one pertinent forum exists in Pinellas County. Although the forum is misnamed, the provision clearly refers to jurisdiction exercised by a forum and one located in a county that is not "host to several forums." The provision is "most reasonably interpreted to mandate venue in [Pinellas] County, and [Pinellas] County alone." Global Satellite, 378 F.3d at 1272. Finally, the provision for exclusive jurisdiction in that forum "makes little sense unless it precludes removal." Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp., 838 F.2d 656, 659 (2d Cir. 1988) (cited with approval in Snapper, 171 F.3d at 1261).

In short, the forum selection clause is unambiguous. The parties agreed to waive the right to remove an action arising from the pertinent contracts. Accordingly, the

---

(...continued)
Hernando, Hillsborough, Manatee, Pasco, Pinellas, Polk and Sarasota. The place of holding court shall be in Tampa.").

[8] But see Links Design, Inc. v. Lahr, 731 F. Supp. 1535, 1536 (M.D. Fla. 1990) (agreement that, [i]n the event that any legal action is taken in connection with this Agreement, the proper venue for said action shall be Polk County, Florida" held ambiguous and construed against the drafter to permit removal).

plaintiff's "Motion to Dismiss or in the Least Motion for Summary Remand" (Doc. 22) is **GRANTED** and this action is **REMANDED.**  The Clerk is directed to (1) mail a certified copy of this order to the Clerk of the Circuit Court for Pinellas County, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on December 17, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE